## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

FRANK MARTINES LAWRENCE                                PLAINTIFF
#07934-20

V.                          No. 4:20-CV-1494-BRW-JTR

GLEASON, Duty Officer,
Pulaski County Regional Detention Facility, *et al.*          DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Billy Roy Wilson. You may file written objections to ll or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Wilson may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

## I.  Introduction

Plaintiff, Frank Lawrence ("Lawrence"), a pretrial detainee at the Pulaski County Regional Detention Facility ("PCRDF"), filed a *pro se* § 1983 Complaint

alleging that Defendants violated his constitutional rights. *Doc. 2.* Before Lawrence may proceed with this action, the Court must screen his claims.[1]

## II. Discussion

Lawrence alleges that two Defendants—PCRDF Duty Officer Gleason ("Gleason") and PCRDF Social Worker Ibani ("Ibani")—"slandered" his character, by using "racist stereotype language to describe [Lawrence's] actions" in a disciplinary report and committed libel against him by writing the "racially insensitive dialogue" in the disciplinary report. *Doc. 2 at 4.*

The Supreme Court has held that a person's interest in his reputation is not considered a "liberty interest" or "property interest" protected by the due process clause. *Paul v. Davis*, 424 U.S. 693, 711-12 (1976). Thus, allegations of defamation, which includes both slander and libel,[2] does not give rise to a viable § 1983 claim. *See Underwood v. Pritchard*, 638 F.2d 60, 62 (8th Cir. 1981) ("[D]efamation, per se, is not actionable under section 1983.").

---

[1]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

[2] *See Dodson v. Allstate Ins. Co.*, 231 S.W.3d 711, 716 (Ark. 2006) (explaining that slander is defamation by untrue spoken words, and libel is defamation by untrue written words).

In addition, it is well settled that verbal abuse and verbal harassment, including name-calling by prison guards, do not rise to the level of a constitutional violation under § 1983. *See McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993); *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985); *see also Blades v. Schuetzle*, 302 F.3d 801, 805 (8th Cir. 2002) (no constitutional violation due to two incidents of "thoroughly offensive" and "racially derogatory language").

Thus, Lawrence has not stated a viable § 1983 claim against Gleason and Ibani based on alleged slander, libel, or racially insensitive language. Accordingly, his claims should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.    Lawrence's Complaint be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2.    Dismissal be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

3.    The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 10th day of June, 2021.

_____
UNITED STATES MAGISTRATE JUDGE